**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **EUGENE HUNTER,** | : |
| **1432 L Street, S.E.,** | : |
| **Washington, D.C.  20003** | : |
| | : |
|        **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **DISTRICT OF COLUMBIA GOVERNMENT** | : |
| **(A Municipal Corporation)** | : |
| **Serve: Honorable Adrian Fenty, Mayor** | : |
|        **c/o Tabitha Braxton, Staff Assistant, or** | : |
|           **Gladys Herring, Executive Assistant** | : |
| **1350 Pennsylvania Avenue N.W.** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **Serve: Office of the Attorney General** | : |
|        **c/o**    **Darlene Fields, Secretary, or** | : |
|               **Tonia Robinson, Legal Assistant,** | : |
|               **or Gale Rivers, Secretary** | : |
| **444 4th Street N.W. 6th Floor South** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **CHIEF CATHY L. LANIER,** | : |
| **in her Official Capacity as Chief of Police** | : |
| **of the Metropolitan Police Department,** | : |
| **Washington D.C.** | : |
| **300 Indiana Avenue N.W.** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **OFFICER WILLIAM SUTER, Badge # 847** | : |
| **In his Official and Individual Capacity** | : |
| **Metropolitan Police Department** | : |
| **First District** | : |
| **415 4th Street, SW** | : |
| **Washington, DC 20024** | : |
| | : |
| **JOHN DOE, SUPERVISOR #1** | : |
| **In his Official and Individual Capacity** | : |
| **Metropolitan Police Department** | : |
| **First District** | : |

**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
**JOHN DOE, SUPERVISOR #2**                                **:**
**In his Official and Individual Capacity**                **:**
**Metropolitan Police Department**                         **:**
**First District**                                         **:**
**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
**JOHN DOE #3**                                            **:**
**In his Official and Individual Capacity**                **:**
**Metropolitan Police Department**                         **:**
**First District**                                         **:**
**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
**JOHN DOE #4**                                            **:**
**In his Official and Individual Capacity**                **:**
**Metropolitan Police Department**                         **:**
**First District**                                         **:**
**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
**JOHN DOE #5**                                            **:**
**In his Official and Individual Capacity**                **:**
**Metropolitan Police Department**                         **:**
**First District**                                         **:**
**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
**JOHN DOE #6**                                            **:**
**In his Official and Individual Capacity**                **:**
**Metropolitan Police Department**                         **:**
**First District**                                         **:**
**415 4th Street, SW**                                      **:**
**Washington, DC 20024**                                   **:**
                                                           **:**
                   **Defendants.**                         **:**

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW the Plaintiff, Eugene Hunter, by and through counsel, DuBoff &

Associates, Chartered and Donna Williams Rucker, Esquire, and sues the Defendant, District

of Columbia Government and Chief of Police Cathy L. Lanier, Metropolitan Police Department, Officer William Suter and John Doe Defendants, and in support therefor, states as follows:

## JURISDICTION AND VENUE

1.      This cause of action arose in the District of Columbia and brought pursuant to 42 U.S.C. §1983, §1986, §1985, §1981, 42 U.S.C. §2000 (e), the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the District of Columbia in that the defendants acted to discriminate against plaintiff and to deprive plaintiff of his constitutional rights under color of law. The State claims are proper based upon Supplemental Jurisdiction. Venue is proper in that the acts complained of herein occurred within the District of Columbia.

2.      The defendant District of Columbia Government (hereinafter "District) is a municipal corporation, authorized by law to sue and to be sued and all times relevant hereto employed the defendants Chief Cathy Lanier, Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6 as members of the Metropolitan Police Department of Washington, D.C.

3.      Defendant Cathy L. Lanier (hereinafter "Lanier") is the Chief of the Metropolitan Police Department of Washington D.C. and at all times relevant hereto supervised each officer and acted as an employee and/or agent of the defendant District of Columbia Government.

4.      Defendants Suter (hereinafter "Suter"), John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6 are police officers assigned to the First District of the Metropolitan Police Department of Washington, D.C. and all times relevant hereto acted as an employee and/or agent of the defendant District.

5.     Written notice of this claim has been timely provided to the defendant District as required by Section §12-309 of the District of Columbia Code.

## FACTS

6.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

7.     On or about the 22nd day of February 2007 Plaintiff, a black male, was in his parked vehicle at or near 1432 L Street, in South East Washington, D.C.

8.     On or about February 22, 2007 several John Doe uniformed officers of the Metropolitan Police Department approached Plaintiff's vehicle in an unmarked vehicle.

9.     Upon information and belief Officer William Suter was one of the uniformed officers of the Metropolitan Police Department.

10.     The uniformed officers approached plaintiff's vehicle and shined a flashlight into the vehicle.

11.     One officer approached the driver's door and asked plaintiff "How are you doing?"

12.     Two other officers entered the vehicle and began to search the plaintiff's vehicle.

13.     A fourth officer asked plaintiff to step out of the vehicle and placed him in handcuffs.

14.     Plaintiff was not informed of why he was being placed under arrest.

15.     Plaintiff was moved to the rear of his vehicle.

16.     While plaintiff was handcuffed, an officer forcefully pushed plaintiff's shoulders forcing plaintiff to the ground.

17.     Plaintiff was detained without reasonable suspicion.

18.     Plaintiff was arrested without probable cause.

19.     Plaintiff was forcefully held to the ground while the officers conducted a search of his vehicle.

20.     Upon information and belief an officer knelt on plaintiff's back while plaintiff was handcuffed and on the ground.

21.     Plaintiff was forced to lie, while handcuffed, face down on the ground for an excessive amount of time.

22.     Plaintiff's girl-friend, arrived on the scene and asked the officers what was going on.

23.     Plaintiff attempted to turn his head to look at his girlfriend, when one of the officers grabbed his leg and twisted it.

24.     The same officer then hit plaintiff's leg with an unknown object.

25.     Plaintiff felt immediate pain in his leg.

26.     Plaintiff's leg was broken by the John Doe officer.

27.     Officer Sutter and other John Doe Officers and John Doe Supervisors arrested the Plaintiff under arrest number 01 D700865.

28.     Upon information and belief Plaintiff was eventually charged with having an open container of alcohol.

29.     Plaintiff was left lying on the ground for an excessive amount of time.

30.     The officers called for a transport vehicle to transport plaintiff to the station.

31.     Plaintiff had to be helped to his feet where he was forced to hobble to the transport vehicle.

32.    Plaintiff was subjected to excessive force.

33.    Plaintiff was transported to the police station.

34.    Officer Suter and the other John Doe defendants severely injured plaintiff.

35.    Plaintiff received extensive injuries requiring medical treatment, surgery and follow-up medical care.

36.    At the police station, Plaintiff requested medical care.

37.    Plaintiff did not receive the medical care requested while in police custody.

38.    One of the John Doe officers and/or defendant Suter informed plaintiff that he was free to leave only if he signed a form and gave $25.00 (twenty five dollars) otherwise he would remain in police custody.

39.    Plaintiff signed the form not knowing that he was waiving his right to contest the arrest.

40.    The form in question was titled "Collateral Bond Receipt".

41.    Plaintiff filed a Motion to Set Aside Forfeiture, which was granted on July 6, 2007.

42.    Plaintiff was not in possession of an open container.

43.    Upon information and belief no open container was found in plaintiff's vehicle.

44.    Plaintiff's civil and constitutional rights were violated.

## COUNT I
### (42 U.S.C. 1983 Violations)

45.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

6

46.     Plaintiff had constitutionally protected interests, including a right to Due Process, to be free from unreasonable searches and seizures and from use of excessive force by defendants, and for equal protection of the laws guaranteed by the United States Constitution.

47.     Defendants violated plaintiff's rights and deprived plaintiff of other privileges and immunities guaranteed by the United States Constitution, including the 4th and 14th Amendments to the Constitution, when uniformed members of the Metropolitan Police Department for the District of Columbia, including Officer Williams Suter, while acting under the color of law, and in the course of and in the scope of their employment, falsely imprisoned, and falsely arrested plaintiff without probable cause, and used excessive force in doing so.

48.     Defendants were acting pursuant to the policies, procedures and customs then in effect within the Metropolitan Police Department for the District of Columbia.

49.     Plaintiff is entitled to recover, pursuant to 42 U.S.C. §1983, for all Constitutional violations committed, and/or for when his rights were violated, and he was subjected to an unreasonable search and seizure, excessive force, denied Due Process, falsely arrested, and imprisoned.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe # 6 jointly and severally for:

a.      compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.      as against defendants Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, John Doe # 6 jointly and

severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and;

      c.      as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

      d.      for such other and further relief jointly and severely as the Court deems just and proper.

<u>**COUNT II**</u>
**(42 U.S.C.  Sections 1981, 1985 and 1986)**

50.      Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

51.      Plaintiff, an African-American male, was subjected to pervasive and intentional discrimination by defendants when defendant Suter and other John Doe officers and John Doe Supervisors of the Metropolitan Police Department detained plaintiff without reasonable suspicion or probable cause, he was handcuffed, forcibly pushed to the ground, assaulted, transported against his will, and taken to the police precinct.

52.      Based solely, upon his race (Black), and while acting under color of law, defendant Suter and other John Doe members of the Metropolitan Police Department, unlawfully detained plaintiff, falsely arrested and falsely imprisoned plaintiff, assaulted plaintiff while using excessive force in total disregard of plaintiff's Constitutional rights including Due Process thereby depriving plaintiff of equal protection under the law.

53.      The Defendants violated plaintiff's rights by their obvious acts and omissions including the use of excessive force, or otherwise causing bodily harm to the plaintiff by their acts and omissions.

54.     Defendants District and Lanier were aware, or should have been aware, of the deprivation of plaintiff's rights and failed to adequately investigate or otherwise act to prevent the same.

55.     Based upon his race and in violation of his rights, plaintiff was singled out, arrested, beaten, and denied proper medical attention, while in the care and custody of defendant Suter and the other John Doe defendants, who knew or should have known, that their actions were illegal.

56.     Defendants District and Lanier acted in a concerted effort, by their tacit approval of defendant Suter's actions, and the actions of the other John Doe defendants, with actual knowledge of the deprivation of plaintiff's rights, privileges and immunities, and with the intent to deprive plaintiff of the equal protection of the law.

57.     As a direct and proximate result of the intentional acts and omissions on the part of District of Columbia the plaintiff sustained serious injuries as well as psychological distress and mental anguish; incurred substantial medical bills and related health care costs and the loss of future earnings, without any negligence on his part contributing thereto.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe # 6 jointly and severally for:

a.      compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.      as against defendants Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, John Doe # 6 jointly and

9

severally punitive damages in the amount, punitive damages in the amount of **TWO MILLION**

**DOLLARS ($2,000,000.00) and**

      c.     as against all defendants jointly and severely, costs and attorney's fees as

well as pre and post judgment interest, and

      d.     for such other relief as the Court deems just and appropriate as against all

defendants, jointly and severely.

<u>**COUNT III**</u>
**(False Arrest & False Imprisonment)**

58.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or

allegations contained within the preceding paragraphs, as if fully set forth herein, and further

alleges:

59.     Defendant Suter arrested plaintiff, without probable cause and/or reasonable

suspicion, imprisoned him by placing him in handcuffs and forcing him to move, against his will,

to the police station.

60.     Plaintiff was forced to the ground when an officer pushed him by the shoulders

causing him to fall to the ground.

61.     Plaintiff at no time consented to his detention or restriction, which lasted for an

unreasonable period of time.

62.     Despite the fact that there was no lawful reason to arrest or detain plaintiff, a John

Does officer handcuffed plaintiff, another forcibly knocked plaintiff to the ground, grabbed

plaintiff's leg and twisted it and hit it with an unknown object.  Plaintiff was then transported to

the police station. Defendant Suter and other John Doe officers of the Metropolitan Police

Department used unnecessary, excessive and illegal force to effect the illegal arrest and detainment of plaintiff against his will.

63.    Plaintiff sustained physical, psychological and emotional injuries, and was humiliated when he was illegally arrested by defendant Suter, who knew, or should have known, that said arrest was without cause and illegal.

64.    Defendant Suter's actions against the plaintiff were done with malice and his conduct was intentional and egregious.

65.    Defendant John Doe's actions against the plaintiff were done with malice and said actions were intentional and egregious.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 jointly and severally for:

a.    compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.    as against defendants Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6 jointly and severally for punitive damages in the amount of  **TWO MILLION DOLLARS ($2,000,000.00)** and

c.    as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

d.    such other and further relief as deemed just and proper, jointly and severely.

## COUNT IV
### (Assault & Battery)

66.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

67.     Defendants assaulted and battered plaintiff, without plaintiff's consent, when plaintiff was placed in handcuffs, forced to the ground, had his leg grabbed, twisted and hit with an unknown object, breaking plaintiff's leg.

68.     All actions complained of, placed plaintiff in fear of bodily harm and resulted in defendants battering the plaintiff.

69.     Defendants actions were intentional and constitute, under D.C. Code §5-123.02, an assault and battery.

70.     As a result of defendants' assault and battery, plaintiff was injured and did in fact suffer physical harm, psychological and emotional injuries, and distress.

71.     Plaintiff sought, and is receiving, medical care for the injuries sustained as a result of defendants' intentional actions.

72.     Plaintiff suffered, and continues to suffer, serious physical injuries, psychological distress and emotional anguish, has incurred, and continues to incur, medical and related expenses, has lost wage earning opportunities and has suffered a severe diminishment in his quality of life, all without any negligence on the part of the plaintiff contributing thereto.

73.     Defendants' carried out their actions against plaintiff with malice and said conduct was intentional, egregious and without cause or provocation on plaintiff's part.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer William Suter, John Doe Supervisor #1, John Doe

Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 jointly and severally

for:

       a.     compensatory damages in an amount in excess of **TWO MILLION**

**DOLLARS ($2,000,000.00)**;

       b.     as against defendants Officer William Suter, John Doe Supervisor #1,

John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, John Doe #5 jointly and

severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)**

and

       c.     as against all defendants jointly and severely, costs and attorney's fees as

well as pre and post judgment interest, and

       d.     as against all defendants, jointly and severely, that which the Court deems

just and proper.

## <u>COUNT V</u>
### (Negligent Infliction of Emotional Distress)
### Defendant Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6

74.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or

allegations contained within the preceding paragraphs, as if fully set forth herein, and further

alleges:

75.    Defendant Suter and the John Doe Officers and Supervisors had the duty to act

reasonably and with due care in their interactions with plaintiff.

76.    Nevertheless defendant Suter and the John Doe Officers and Supervisors acted

with such extreme and outrageous conduct when they forcibly arrested plaintiff, falsely

imprisoned plaintiff, used excessive force to effectuate the same and refused medical care to the

plaintiff.

77. As a direct and proximate result of defendant Suter's and the John Doe Officers and Supervisors negligence, plaintiff suffered extreme emotional distress and embarrassment and incurred physical injuries, all without any negligence on the part of the plaintiff contributing thereto.

78. Defendant Suter and the John Doe Officers and Supervisors carried out their actions against plaintiff with malice and their conduct was intentional and egregious.

**WHEREFORE**, plaintiff demands judgment against Defendant Suter and the John Doe Officers and Supervisors for:

a. compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b. punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c. costs and attorney's fees as well as pre and post judgment interest, and

d. such other and further relief as this Court deems just and proper.

## COUNT VI
### (Intentional Infliction of Emotional Distress)
### Defendant Sutter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6

79. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

80. Defendant Suter and other John Doe Supervisors and John Doe Officers actions were intentional and caused plaintiff an extreme amount of emotional anguish, psychological distress, embarrassment and humiliation.

81.     Nevertheless defendant Suter and other John Doe Supervisors and John Doe Officers acted with such extreme and outrageous conduct when they forcibly arrested plaintiff, falsely imprisoned plaintiff, used excessive force to effectuate the same, and refused to provide medical care to the plaintiff.

82.     As a direct and proximate result of defendant Suter and other John Doe Supervisors and John Doe Officers intentional actions, plaintiff suffered physical injury, extreme psychological distress and emotional anguish, all without any negligence on the part of the plaintiff contributing thereto.

83.     Defendant Suter and other John Doe Supervisors and John Doe Officers carried out their actions against plaintiff with malice and their conduct was intentional and egregious.

**WHEREFORE**, plaintiff demands judgment against the Defendant Suter and other John Doe Supervisors and John Doe Officers for:

a.     compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.     punitive damages in the amount, punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

c.     costs and attorney's fees as well as pre and post judgment interest, and

d.     such other and further relief as this Court deems just and proper.

## COUNT VII
### (Negligent Supervision and *Respondeat Superior*)
### Chief Lanier, District of Columbia, John Doe Supervisor #1, John Doe Supervisor #2

84.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

15

85.    Defendants District, Lanier, John Doe Supervisor #1, and John Doe Supervisor #2, knew, or should have known, that defendant Suter would likely confront and/or be in contact with members of the public.

86.    Plaintiff is a member of the general public and it was foreseeable that he may come in contact with defendant's employees, namely defendant Suter and the other uniformed officers of the Metropolitan Police Department.

87.    Defendants District, Lanier, John Doe Supervisor #1, and John Doe Supervisor #2's negligent failure to adequately supervise or discipline or in any other way control defendant Suter and the other uniformed members of the Metropolitan Police Department, in the exercise of their police functions, and defendant's failure to enforce the laws of the District of Columbia and the Regulations and General Orders of the Metropolitan Police Department within the District of Columbia police force, is evidence of a reckless lack of cautious regard for the rights of the public, including those of plaintiff, and exhibits a lack of that degree of due care which prudent and reasonable individuals would demonstrate in the execution of their office.

88.    Defendants District, Lanier and Supervisor Doe #1 and Supervisor Doe #2's failure to adequately supervise, discipline or in any other way control defendant Suter and other John Doe defendant in the exercise of their police duties, and their failure to enforce the laws of the District of Columbia and enforce the Regulations and General Orders of the Metropolitan Police Department within the District of Columbia police force, was, and is, carried out with such reckless disregard of the consequences as to display a conscious indifference to the danger of harm and injury, and the intention to inflict harm and injury to the citizens of the District of Columbia, to wit the plaintiff.

89.     At all times relevant hereto defendants Suter, John Doe #3, John Doe #4, John Doe #5, John Doe #6 were employees, agents and/or servants of the District of Columbia Government and were acting within the course and scope of their employment, under the color of law, and under the supervision of the District of Columbia, Defendant Lanier, John Doe Supervisor #1, and John Doe Supervisor #2.

90.     At all times relevant hereto defendant Lanier was an employee, agent and/or servant of the defendant District and was charged with the proper supervision of those employees below her in the chain of command.

91.     The supervisory officials of the Metropolitan Police Department have a duty to the citizens of the District of Columbia in general, and specifically to plaintiff, to ensure that its officers operate within the bounds of the laws of the District of Columbia, the rules and regulations of the Metropolitan Police Department and the Constitution of the United States. In not doing so they foster an atmosphere in which the belief is generated among its officers that the above described lawlessness is condoned and accepted as part of their normal duties, and they will not be held accountable for their unlawful actions, thus placing the citizens of the District of Columbia, including plaintiff, in grave peril.

92.     Members of the Metropolitan Police Department are charged with the responsibility to investigate every violation of criminal law reported to them.

93.     Defendant Suter and the John Doe Officers' actions constituted a crime under D.C. Code §5-123.02.

94.     Defendant Lanier, as the Chief of Police, bears the ultimate responsibility for the enforcement of the laws of the District of Columbia and enforcement of the General Orders and Regulations of the Metropolitan Police Department.

95.     Defendant, District of Columbia, is directly liable and responsible for the acts or omissions of defendants Suter, Lanier, John Doe Supervisor #1, and John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6 while acting within the course and scope of their employment, under the theory of *Respondeat Superior.* All defendants, with deliberate indifference, failed to enforce the laws of the District of Columbia and the regulations of the Metropolitan Police Department, pertaining to the use of force by Metropolitan Police Officers, thereby creating within the Metropolitan Police Department, Washington, D.C., an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence in the belief that such acts will be condoned and justified by their superiors. Defendant District of Columbia knew, or should have known of the unlawful acts perpetrated by defendants, and practices prior to, and at the time of, the unlawful assault, arrest and imprisonment upon the person of plaintiff.

96.     It was the duty of the defendant District to ensure that its employees supervised the actions of those below them in the chain of command and to ensure that its employees exercised due care with their interaction with citizens, specifically plaintiff, and to act so as not to assault, falsely arrest and imprison the plaintiff, or otherwise violate his constitutional rights. This duty was clearly breached by all of the defendants.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 jointly and severally for:

a.     compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.     as against defendants Officer William Suter, John Doe Supervisor #1,

John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally for punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

      c.     as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

      d.     as against all defendants, jointly and severely, that which the Court deems just and proper.

**COUNT VIII**
**(Equitable Relief)**

97.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

98.    Because of the actions alleged herein, the continued employment of defendant Suter in any capacity in which he carries any type of weapon, has the power of arrest, or operates under the color of law, presents a clear and present danger to all citizens of the District of Columbia and could result in further illegal use of force and violence by the defendant.

    **WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 for:

      a.     A policy and procedure to be implemented against discrimination.

      b.     Training for the named Defendants in the use of excessive force.

      c.     Equal Employment Opportunity Training for the named Defendants.

      d.     Supervisory training for the John Doe Supervisors.

      e.     for such other and further relief as the Court deems just and proper.

## COUNT IX
### (Negligence)

99.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as if fully set forth herein, and further alleges:

100.    Defendants District of Columbia, Lanier, Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6 had the duty to act reasonably and with due care in their interactions with plaintiff.

101.    Nevertheless each defendant breached their duty of care when plaintiff was falsely arrested, imprisoned, and his constitutional rights were violated.

102.    Next, the defendants failed to act reasonably and/or to investigate and/or to prevent the matter from occurring and such failure caused plaintiff injury.

103.    As a direct and proximate result of the action and/or inactions of each defendant, plaintiff suffered extreme emotional distress, embarrassment, humiliation, physical injuries, and mental distress, and other losses, without any negligence on the part of the plaintiff contributing thereto.

**WHEREFORE**, plaintiff demands judgment against the Defendants District of Columbia Government, Chief Lanier, Officer Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 jointly and severally for:

a.    compensatory damages in an amount in excess of **TWO MILLION DOLLARS ($2,000,000.00)**;

b.    as against defendants Officer William Suter, John Doe Supervisor #1, John Doe Supervisor #2, John Doe #3, John Doe #4, jointly and severally, punitive damages in

the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

        c.      as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

        d.      as against all defendants, jointly and severely, that which the Court deems just and proper.


                              Respectfully submitted,


                    By:        /s/ Donna Williams Rucker
                             Donna Williams Rucker, Esquire
                             DUBOFF & ASSOCIATES, CHARTERED
                             8401 Colesville Road, Suite 501
                             Silver Spring, Maryland 20910
                             (301) 495-3131    Office
                             (301) 587-1872    Facsimile


## **JURY DEMAND**

Plaintiff, by and through counsel, demands a trial by jury on all issues set forth herein.


                             /s/ Donna Williams Rucker
                             Donna Williams Rucker, Esquire

**I (a) PLAINTIFFS**

EUGENE HUNTER
1432 L Street, S.E., Washington, D.C.  20003

**DEFENDANTS**

DISTRICT OF COLUMBIA GOVERNMENT
(A Municipal Corporation), et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Williams Rucker, Esquire
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

\*(If Antitrust, then A governs)\*

---

○ **E.** *General Civil (Other)*          **OR**          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ⊘ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☒ 440 Other Civil Rights ☐ 445 American w/Disabilities- Employment ☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**I. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Pursuant to 42 U.S.C. §1983, §1986, §1985, §1981, 42 U.S.C. §2000 (e), the 4th & 14th Amendments to the US Constitution and the laws of D.C.

*Plaintiff was falsely arrested, emprisoned & subjected to excessive detention in front of his home.*

**I. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ *2,000,000.00*  Check YES only if demanded in compl. JURY DEMAND: YES ☒ NO ☐

**II. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

TE  February 22, 2008   SIGNATURE OF ATTORNEY OF RECORD  *Donna Williams Rucker*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by , except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of urt for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.