UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE HUNTER,                          :
                                        :
        Plaintiff,                      :
                                        :   Civil Action No. 08-cv -00303 (CKK)
                                        :
v.                                      :
                                        :
DISTRICT OF COLUMBIA, et al.            :
                                        :
        Defendants.                     :

## ANSWER OF DEFENDANT DISTRICT OF COLUMBIA AND CHIEF CATHY LANIER TO COMPLAINT

Defendant District of Columbia ("the District"), and Chief Cathy Lanier by and through undersigned counsel, answers the plaintiff's Complaint as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### Jurisdiction and Venue

1.      The Defendants admit the existence of the statutory authority cited in the Complaint, but denies that it necessarily confers jurisdiction over these Defendants.

2.      The Defendants admit that it is a government entity capable of suing and being sued and further admits Defendant Cathy L. Lanier is employed as Chief of the Metropolitan Police Department. The Defendants are without sufficient information to admit or deny whether the named John Does and William Suter are police officers employed by the District of Columbia. The remaining allegations are conclusions of law and of the pleader to which no response is required.

3.  Paragraph 3 contains conclusions of law and of the pleader, and as such no response is required.   To the extent an answer is required the District admits that Defendant Cathy L. Lanier is Chief of the Metropolitan Police Department and that she was working within the scope of her employment.

4.  Paragraph 4 contains conclusions of law and of the pleader, and as such no response is required.   To the extent an answer is required, Defendants are without sufficient information to admit or deny whether the named John Does named as Defendants are police officers employed by the Defendant and were working within the scope of their employment at all times relevant to the Complaint. Defendant denies that it has an officer by the name of William Suter.

5.  Paragraph 5 contains conclusions of law and of the pleader, and as such no response is required.  To the extent an answer is required, Defendants have insufficient information at this time to admit or deny the allegations contained in Paragraph 5 of the Complaint.

## Facts

6.  Defendants incorporate by reference its responses to Paragraphs one through five of the Complaint.

7.  The Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.   The Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.  The District of Columbia denies the allegations contained in Paragraph 9 of the Complaint.

10.  The District of Columbia denies the allegations contained in Paragraph 10 of the Complaint.

.

11.   The District of Columbia denies the allegations contained in Paragraph 11 of the Complaint.

12.   The District of Columbia denies the allegations contained in Paragraph 12 of the Complaint.

13.   The District of Columbia denies the allegations contained in Paragraph 13 of the Complaint.

14.   The District of Columbia denies the allegations contained in Paragraph 14 of the Complaint.

15.   The Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.   The Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.   The allegations in Paragraph 17 contain legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 17 are denied.

18.   The allegations in Paragraph 18 contain legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 18 are denied.

19.   The Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.   The Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.   The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.   The allegations in Paragraph 23 are denied.

24.   The allegations in Paragraph 24 are denied.

25.     The allegations in Paragraph 25 are denied.

26.     The allegations in Paragraph 26 are denied.

27.     The Defendants admit Plaintiff was arrested under 01 0700865. The Defendant lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations Paragraph 27 of the Complaint.

28.     Defendants admit that plaintiff was charged with having an open container of alcohol.

29.     The allegations in Paragraph 29 are denied.

30.     Defendants admit the allegation contained in Paragraph 30.

31.     The allegations in Paragraph 31 are denied.

32.     The allegations in Paragraph 32 are denied.

33.     Defendants admit the allegation contained in Paragraph 33.

34.     The allegations in Paragraph 34 are denied.

35.     The allegations in Paragraph 35 are denied.

36.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.  To the extent a response is required, the allegations in Paragraph 36 are denied.

37.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.  To the extent a response is required, the allegations in Paragraph 37 are denied.

38.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.  To the extent a response is required, the allegations in Paragraph 38 are denied.

39. The allegations in Paragraph 39 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 39 are denied.

40. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint. To the extent a response is required, the allegations in Paragraph 40 are denied.

41. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41. To the extent a response is required, the allegations in Paragraph 41 are denied.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 44 are denied.

## COUNT I
### (42 U.S.C.1983 Violations)

45. The District incorporates its answers to paragraphs 1 through 44 as if separately set forth herein.

46. The allegations in Paragraph 46 constitute legal conclusions of the pleader. To the extent a response is required, Defendants deny said allegations.

47. The allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 constitute legal conclusions of the pleader. To the extent a response is required, Defendants deny said allegations.

49. The allegations in Paragraph 49 are denied.

## COUNT II

**(42 U.S.C. Sections 1981, 1985, and 1986)**

50. Defendants incorporate their answers to paragraphs 1 through 49 as if separately set forth herein.

51. The allegations in Paragraph 51 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 51 are denied.

52. The allegations in Paragraph 52 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 52 are denied.

53. The allegations in Paragraph 53 are denied.

54. The allegations in Paragraph 54 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 are denied.

56. The allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied.

## COUNT III
**(False Arrest and Imprisonment)**

58. Defendants incorporate their answers to paragraphs 1 through 57 as if separately set forth herein

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 are denied.

## COUNT IV
### (Assault and Battery)

66.  The District incorporates its answers to paragraphs 1 through 65 as if separately set forth herein.

67.  The allegations in Paragraph 67 are denied.

68.  The allegations in Paragraph 68 are denied.

69.  The allegations in Paragraph 69 are denied.

70.  The allegations in Paragraph 70 are denied.

71.  The allegations in Paragraph 71 are denied.

72.  The allegations in Paragraph 72 are denied.

73.  The allegations in Paragraph 73 are denied.

## COUNT V
### (Negligent Infliction of Emotional Distress)
**Defendant Suter, john Doe Supervisor #1, John Doe Supervisor # 2, John Doe # 3, and John Doe #4, John Doe # 5, John Doe # 6**

74.  The District incorporates its answers to paragraphs 1 through 74 as if separately set forth herein.

75.  The allegations in Paragraph 75 constitute legal conclusions of the pleader.

76.  The allegations in Paragraph 76 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 76 are denied.

77.  The allegations in Paragraph 77 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 77 are denied.

78.  The allegations in Paragraph 78 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 78 are denied.

## Count VI
### (Negligent Infliction of Emotional Distress)
**Defendant Suter, john Doe Supervisor #1, John Doe Supervisor # 2, John Doe # 3, and john Doe #4, John Doe # 5, John Doe # 6**

79. The District incorporates its answers to paragraphs 1 through 78 as if separately set forth herein.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 constitute legal conclusions of the pleader.  To the extent a response is required, the allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 constitute legal conclusions of the pleader.  To the extent a response is required, the allegations in Paragraph 83 are denied.

## Count VII
### (Negligent Supervision and *Respondeat Superior*)
**Chief Lanier, District of Columbia, John Doe Supervisor #1, John Doe Supervisor # 2**

84. The District incorporates its answers to paragraphs 1 through 83 as if separately set forth herein.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 constitute legal conclusions of the pleader. To the extent a response is required, the allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied.

88. The allegations in Paragraph 88 are denied.

89. The allegations in Paragraph 89 are denied.

90. The allegations in Paragraph 90 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 90 are denied.

91. The allegations in Paragraph 91 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 92 are denied.

93. The allegations in Paragraph 93 are denied.

94. The allegations in Paragraph 94 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 94 are denied.

95. The allegations in Paragraph 95 are denied.

96. The allegations in Paragraph 96 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 96 are denied.

**Count VII**
**(Equitable Relief)**

97. The District incorporates its answers to paragraphs 1 through 96 as if separately set forth herein.

98. The allegations contained in paragraph 98 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 98 are denied.

## Count XI
### (Negligence)

99. The District incorporates its answers to paragraphs 1 through 98 as if separately set forth herein.

100. The allegations in Paragraph 100 constitute legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the allegations in Paragraph 100 are denied.

101. The allegations in Paragraph 101 are denied.

102. The allegations in Paragraph 102 are denied

103. The allegations in Paragraph 103 are denied

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered, including allegations of, violations of the statutory laws of the District of Columbia, deprivation of constitutional and civil rights and negligence.

### THIRD DEFENSE

This defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference and unconstitutional policy or custom.

### FOURTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries ere the result of his own intentional, illegal or otherwise wrongful conduct.

### FIFTH DEFENSE

If plaintiff was injured or damaged as alleged in the complaint, such injuries and damages were the result of his own sole or contributory negligence and/ or his assumption of the risk.

**SIXTH DEFENSE**

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

**SEVENTH DEFENSE**

If plaintiff was injured and damaged as alleged in the Complaint, said injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than the District, its agents, employees or servants acting within the scope of their employment.

**EIGHTH DEFENSE**

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2002)

**NINTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**TENTH DEFENSE**

The Defendants assert absolute and qualified immunity, absence of bad faith and absence of gross negligence.

**ELEVENTH DEFENSE**

The action may be barred by the applicable statute of limitations or laches.

**TWELTH DEFENSE**

The action may be barred by issue or claim preclusion, or may not have accrued.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages against these defendants.

## FOURTEENTH DEFENSE

An official capacity suit should be treated in all respects as a suit against a governmental entity>

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
 for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

Melvin W. Bolden, Jr
_____
MELVIN W. BOLDEN, JR.
Assistant Attorney General
D.C. Bar No. 192179
Suite 6S
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724- 5695

(202) 727-3625 (fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 10th day of June 2008 that a copy of the foregoing Defendants Answer to the Complaint was electronically served on :Donna Williams Rucker.

Melvin W. Bolden, Jr.

_____
Melvin W. Bolden , Jr.
Assistant Attorney General