UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUNTER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 1:08-CV-00303 |
| v. ) | Judge: Colleen Kollar-Kotelly |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT WILLIAM SUTER'S ANSWER TO PLAINTIFF'S COMPLAINT

#### First Defense

The Complaint fails to state a claim upon which relief may be granted.

#### Second Defense

As to each of the numbered paragraphs of the First Amended Complaint, defendant Suter specifically answers as follows:

1.  The allegations in paragraph 1 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required the Defendant specifically denies the allegations and demands strict proof thereof.

2.  Defendant admits that the District of Columbia is a municipal corporation, and that he and Defendant Lanier are employed by the District. Plaintiff's allegation that the District is authorized by law to sue and be sued is a legal conclusion of the pleader which requires no response. Defendant Suter lacks information to either admit or deny the remaining allegations in paragraph 2. To the extent a response is required, Defendant Suter denies the allegation and demands strict proof thereof.

3.  The allegations in paragraph 3 are directed to a defendant other than Defendant Suter and therefore require no response. To the extent a response is required this Defendant

admits that Defendant Lanier is the Chief of the D.C. Metropolitan Police Department. Further answering, this Defendant denies that Defendant Lanier directly supervises this defendant and lacks information as to whether she supervises the unnamed John Does.

4. Defendant admits that he is employed as a member of the District of Columbia Metropolitan Police Department and is assigned to the First District. Further answering, this Defendant denies that he took any action as alleged in the Complaint. This Defendant lacks information to either admit or deny the remaining allegations in paragraph 4, specifically as it relates to the John Does listed therein.

5. The allegations in paragraph 5 are directed to a defendant other than Defendant Suter and this Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required Defendant denies the allegations and demands strict proof thereof.

6. Defendant incorporates by reference paragraphs 1 through 5 as if fully set forth herein.

7. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

8. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

9. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegation. Paragraph 9 is denied.

10. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

11. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

12. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

13. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

14. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

15. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

16. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

17. The allegations in paragraph 17 are the legal conclusions of the pleader to which no response is required.

18. The allegations in paragraph 18 are the legal conclusions of the pleader to which no response is required.

19. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

20. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

21. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

22. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

23. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

24. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

25. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

26. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

27. Defendant denies the allegation that he arrested plaintiff. Further answering, this Defendant lacks information to either admit or deny the remaining allegations. To the extent a response is required, this Defendant denies those allegations.

28. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

29. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

30. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

31. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

32. The allegations in paragraph 32 are the legal conclusions of the pleader to which no response is required.

33. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

34. Paragraph 34 is denied.

35. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

36. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

37. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

38. Paragraph 38 is denied.

39. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

40. Defendant is without the requisite knowledge to admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

41. Defendant is without the requisite knowledge to admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

42. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

43. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

44. The allegations in paragraph 44 are the legal conclusions to which no response is required. To the extent a response is required, this Defendant denies that he violated plaintiff's civil and/or constitutional rights.

## COUNT I
### (42 U.S.C. 1983 Violations)

45. Defendant incorporates by reference his responses to paragraphs 1 through 44 as if fully set forth herein.

46. The allegations in paragraph 46 are the legal conclusions of and by the pleader to which no response is required.

47. This Defendant denies that he violated plaintiff's rights as alleged in paragraph 47.

48. The allegations in paragraph 48 are the legal conclusions of and by the pleader to which no response is required.

49. This Defendant denies that plaintiff is entitled to recover from him any monies under 42 U.S.C. § 1983, or any other statute.

## COUNT II
### (42 U.S.C. Sections 1981, 1985 and 1986)

50. Defendant incorporates by reference his responses to paragraphs 1 through 49 as if fully set forth herein.

51. The allegations in paragraph 51 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, this Defendant denies the allegations.

52. The allegations in paragraph 52 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, this Defendant denies the allegations..

53. The allegations in paragraph 53 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, this Defendant denies the allegations.

54. The allegations in paragraph 54 are directed to a defendant other than Defendant Suter and therefore require no response.

55. Paragraph 55 is denied.

56. The allegations in paragraph 56 are directed to a defendant other than Defendant Suter and therefore require no response.

57. The allegations in paragraph 57 are legal conclusions and are directed to a defendant other than Defendant Suter and therefore require no response.

## COUNT III
### (False Arrest & False Imprisonment)

58. Defendant incorporates by reference his responses to paragraphs 1 through 57 as if fully set forth herein.

59. Paragraph 59 is denied.

60. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

61. Defendant lacks sufficient information to either admit or deny the allegations. To the extent a response is required, this Defendant denies the allegations.

62. The allegations in paragraph 62 are the legal conclusions of and by the pleader to which no response is required.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. The allegations in paragraph 65 are directed to a defendant other than Defendant Suter and therefore require no response.

## COUNT IV
### (Assault & Battery)

66. Defendant incorporates by reference his responses to paragraphs 1 through 65 as if fully set forth herein.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

## COUNT V
### (Negligent Infliction of Emotional Distress)
**Defendant Suter, John Doe Supervisor #1, John Doe Supervisor # 2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6**

74. Defendant incorporates by reference his responses to paragraphs 1 through 73 as if fully set forth herein.

75. The allegations in paragraph 75 are the legal conclusions of and by the pleader to which no response is required.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

## COUNT VI
### (Intentional Infliction of Emotional Distress)

**Defendant Suter, John Doe Supervisor #1, John Doe Supervisor # 2, John Doe #3, and John Doe #4, John Doe #5, John Doe #6**

79. Defendant incorporates by reference his responses to paragraphs 1 through 78 as if fully set forth herein.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

## COUNT VII
(Negligent Supervision and *Respondeat Superior*)
**Chief Lanier, District of Columbia, John Doe Supervisor #1, John Doe Supervisor # 2**

84. Defendant incorporates by reference his responses to paragraphs 1 through 83 as if fully set forth herein.

85. The allegations in paragraph 85 are directed to a defendant other than Defendant Suter and therefore require no response.

86. The allegations in paragraph 86 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant. To the extent a response is required the Defendant specifically denies the allegations and demands strict proof thereof.

87. The allegations in paragraph 87 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant. To the extent a response is required Defendant denies the allegations and demands strict proof thereof.

88. The allegations in paragraph 88 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this

Defendant. To the extent a response is required Defendant denies the allegations and demands strict proof thereof.

89. The allegations in paragraph 89 contain the legal conclusions of and by the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant.

90. The allegations in paragraph 90 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required.

91. The allegations in paragraph 91 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required the Defendant specifically denies the allegations and demands strict proof thereof.

92. The allegations in paragraph 92 are the legal conclusions of and by the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant.

93. Paragraph 93 is denied.

94. The allegations in paragraph 94 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant.

95. The allegations in paragraph 95 contain legal conclusions of the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant.

96. The allegations in paragraph 96 are the legal conclusions of and by the pleader and are directed to a defendant other than Defendant Suter. Therefore, no response is required by this Defendant.

## COUNT VIII
### (Equitable Relief)

97. Defendant incorporates by reference his responses to paragraphs 1 through 96 as if fully set forth herein.

98. Paragraph 98 is denied.

## COUNT IX
### (Negligence)

99. Defendant incorporates by reference his responses to paragraphs 1 through 99 as if fully set forth herein.

100. The allegations in paragraph 100 are the legal conclusions of and by the pleader to which no response is required.

101. Paragraph 101 is denied.

102. Paragraph 102 is denied.

103. Paragraph 103 is denied.

Further answering, Defendant Suter denies all allegations not specifically admitted herein or otherwise responded to.

### Third Defense

Defendant William Suter is not a proper party to this suit.

### Fourth Defense

Officer Suter is entitled to qualified immunity.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages were not proximately caused by Defendant Suter.

Seventh Defense

All actions performed by the Defendant met or exceeded the applicable standard of care.

Eighth Defense

The actions taken toward the Plaintiff by the Defendant were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

Ninth Defense

All actions taken by Defendant Suter, if any, were done in good faith and with the reasonable belief that those acts were lawful under the circumstances.

Tenth Defense

All actions taken toward Plaintiff by the Defendant were taken in self-defense or defense of others, or were reasonably necessary to protect the safety of others.

Eleventh Defense

Plaintiff has failed to mitigate any damages that he may have incurred.

Twelfth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

Thirteenth Defense

Plaintiff may have failed to meet the applicable statute of limitations.

<u>Fourteenth Defense</u>

Plaintiff is not entitled to any equitable relief or damages from this Court because of his own actions or lack thereof.

<u>Fifteenth Defense</u>

Defendant Suter reserve the right to amend his Answer to the Complaint and to raise any additional defenses which the evidence in discovery may reveal.

**WHEREFORE**, Defendants demand that the Complaint be dismissed and he be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

### Jury Demand

Defendant Suter hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER NICKELS
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Kimberly M. Johnson/pj_____
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/s/   Darrell Chambers_____
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
darrell.chambers@dc.gov

CERTIFICATE OF SERVICE

    I Hereby Certify that on this 8TH day of AUGUST, 2008 a copy of the foregoing

ANSWER OF DEFENDANT WILLIAM SUTER, was served electronically upon:

Donna Williams Rucker, Esq.
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road
Suite 501
Silver Spring, MD 20910

                              /s/   Darrell Chambers
                              DARRELL CHAMBERS