UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00303-CKK |
| ) | |
| DISTRICT OF COLUMBIA, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **REPORT UNDER LOCAL CIVIL RULE 16.3**

The following information is provided consistent with Local Civil Rule 16.3(c):

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

There are no dispositive motions pending. Plaintiff does not believe that this matter will be resolved by dispositive motion. Defendants reserve the right to file any appropriate dispositive motions.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties propose that all parties be joined or pleadings amended within 60 days of the initial scheduling conference. At this stage of the case, the Parties are not able to identify factual or legal issues to be agreed upon or narrowed.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiff objects to the assignment of this case to a Magistrate Judge for trial. Defendants object to the assignment of this case to a magistrate judge except for purposes of mediation.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiff believes that this matter could settle. The defendants believe it is too early to determine if there is a realistic possibility of settling the case, but is willing to discuss settlement after a reasonable period for discovery has elapsed.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff's counsel discussed mediation with plaintiff and plaintiff is open to mediation at any stage of the litigation. Defendants believe it is too early to determine if any form of alternative dispute resolution would assist the parties in attempting to settle the case.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes this case can be resolved in whole or in part by dispositive motion at the end of discovery. Plaintiff believes a dispositive motion will not resolve the case.

The Parties agree that dispositive motions should be filed not later than 60 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 15 days after filing of oppositions.

**(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The Parties will not dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1). However, the parties request that disclosures be provided within 20 days after the Initial Conference.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties propose 180 days to complete standard discovery, followed by the motion schedule proposed in ¶ 6. The Parties requests 30 interrogatories per side and 5 non-party depositions per side; the Parties anticipate that protective orders may be required for personnel records and other information covered by Privacy laws, and controlling Federal and District Law.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2). The Plaintiff proposes that Proponent's Rule 26(a)(2)(B) statements be due 60 days before the close of discovery and Opponent's statements be due 30 days following receipt of

Proponent's statements. The Defendants propose that the Plaintiff file his Rule 26(a)(2)(B) statement no later than 60 days after the initial conference and Defendants file statements no later than 30 days following receipt of Plaintiff's statements.

**(10) Procedures in class actions**.

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not anticipate the need for a bifurcated trial.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose that the date for the pretrial conference be set at any post discovery status conference.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties propose that the trial date be set at the pre-trial conference.

**(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.**

The Parties are not aware of any additional matters.

**(15) Statements of the Case:**

Plaintiff**:**

Plaintiff's Civil Rights were violated when he was falsely arrested, subjected to excessive force, and his Constitutional rights were otherwise violated. Plaintiff's leg was broken while in police custody.

Defendant:

Plaintiff was arrested without incident for possession of an open container of alcohol on a public street. Plaintiff was not injured during, or after, his arrest as a result of any action, or failure to act, by any of the Defendants.

3

Respectfully submitted,

| | |
|---|---|
| _____ | |
| DONNA WILLIAMS RUCKER, 446713 | PETER J. NICKLES |
| Gebhardt & Associates, LLP | Acting Attorney General for the District of Columbia |
| 1101 17th Street, N.W., Suite 807 | |
| Washington, D.C. 20036 | |
| (301) 496-0400 | GEORGE C. VALENTINE |
| Attorney for Plaintiff | Deputy Attorney General, D.C. |
| | Civil Litigation Division |
| | |
| | /S/ Kimberly M. Johnson |
| | KIMBERLY M. JOHNSON [435163] |
| | Chief, Civil Litigation Sec. I |
| | |
| | /S/ Darrell Chambers |
| | DARRELL CHAMBERS [980872] |
| | Assistant Attorney General |
| | 441 4TH Street, NW, Suite 600 South |
| | Washington, D.C. 20001 |
| | 202-724-6539 |
| | darrell.chambers@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:08-cv-00303-CKK |
| | ) |
| DISTRICT OF COLUMBIA, *et al*. | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

ORDER

It is, this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED, that the following Scheduling Order will govern discovery in this case:

    1. Initial disclosures due:

    2. Parties joined (60 days after ISC):

    3. Discovery closed:

    4. Dispositive motions:

    5. Mediation period:

    6. Pre-trial conference:

    7. Trial date: to be set at pre-trial

 

_____
Judge, United States District Court
For the District of Columbia

Copies of this Order to:

| | |
|---|---|
| DONNA WILLIAMS RUCKER | DARRELL CHAMBERS |
| Gebhardt & Associates, LLP | Assisting Attorney General |
| 1101 17th Street, N.W., Suite 807 | 441 4TH Street, NW, Suite 600 South |
| Washington, D.C. 20036 | Washington, D.C. 20001 |
| Attorney for Plaintiff | Attorney for Defendants |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE HUNTER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>DISTRICT OF COLUMBIA, *et al*. )<br>)<br>    Defendants. )<br>_____ ) | Case No. 1:08-cv-00303-CKK |

ORDER

It is, this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED, that the following Scheduling Order will govern discovery in this case:

1. Initial disclosures due:
2. Parties joined (60 days after ISC):
3. Discovery closed:
4. Dispositive motions:
5. Mediation period:
6. Pre-trial conference:
7. Trial date: to be set at pre-trial

_____
Judge, United States District Court
For the District of Columbia

Copies of this Order to:

DONNA WILLIAMS RUCKER
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036
Attorney for Plaintiff

DARRELL CHAMBERS
Assisting Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C. 20001
Attorney for Defendants